[No. 22522. Department One. July 28, 1930.]

OLAF T. HANSEN, *Respondent*, v. EDWARD WAHL *et al.*, *Appellants.*[1]

*O. Duncan Anderson,* for appellants.
*M. H. Forde,* for respondent.

BEALS, J.—During the month of April, 1928, plaintiff, Olaf T. Hansen, being the owner of a Falcon-Knight landau sedan, which he had some time previously purchased from defendant Edward Wahl, an automobile dealer in the city of Everett, who will in this opinion be referred to as though he were the sole defendant, delivered his car to defendant, the parties signing the following agreement:

"This agreement signed this 21st day of April, 1928, that Edward Wahl of Everett, Washington, party of the first part and Olaf T. Hansen, party of the second

[1]Reported in 290 Pac. 695.

part, whereas party of the first part agrees to give party of the second part one thousand fifty dollars ($1,050) as full payment for his Falcon-Knight landau.

"Party of the second part agrees to accept the one thousand fifty dollars ($1,050) as a credit on the purchase price of a new Falcon-Knight car upon his return and agrees to take delivery of a new Falcon-Knight car. Date of delivery to be optional upon return of second party from Norway."

The deal was made in contemplation of a trip to Norway, upon which plaintiff was about to start, and upon plaintiff's return in the latter part of October following, he immediately called at defendant's place of business, where defendant tendered to him a Falcon-Knight sedan. This car, as plaintiff contends, was not accepted by him, and plaintiff, about the middle of the following March and shortly after his return from a trip to California, demanded of defendant a coupe, either of the Falcon-Knight variety or an Oldsmobile. The manufacture of the former make of cars having been discontinued January 1, 1929, defendant was unable to furnish a coupe of that type, and defendant insisted that plaintiff accept the sedan which had been tendered him in October. Plaintiff refused to accept this machine and instituted this action upon the agreement of April 21, 1928, above quoted, claiming that he was entitled to judgment against defendant for the sum of $1,050.

After the action had been brought to issue, the same was tried to a jury, which returned a verdict in favor of plaintiff for the full amount asked for. From a judgment in plaintiff's favor entered upon this verdict, defendant appeals, assigning error upon the refusal of the trial court to direct a verdict in defendant's favor; upon the denial of defendant's motion for judgment in his favor notwithstanding the verdict; upon the over-

ruling of defendant's motion for a new trial; and upon the entry of judgment in favor of plaintiff.

Respondent admits that, upon his visit to appellant's establishment in October, appellant tendered him a Falcon-Knight sedan, and he alleges that he refused to accept the same. He contends that he was not ready to accept delivery of a car at that time, as he had no place to keep it, his ranch being then under lease, and that, in any event, he did not want a sedan. Concerning this phase of the controversy, respondent testified as follows:

"Q. Did you ever at any time tell Mr. Wahl that you didn't want a sedan; that you wanted a coupe, at the time you were here in Everett? A. I told him I didn't want a sedan. Q. Where did you tell him that? A. He didn't have a right to pick out my own— Q. Yes, but when did you tell him you didn't want a sedan? A. I told him that— Q. Before you went to California? A. Before I went to California. Q. Did you ask him for a coupe? A. No, I didn't. I told him I wanted a coupe, but I didn't ask him for any. I told him I am alone and there was no reason why I should buy a big car. Q. You say you never at any time agreed to accept and take that Falcon-Knight sedan? A. No."

From other testimony, we are satisfied that the jury were justified in finding that respondent did not accept the sedan when the same was first tendered to him in October, whether he did or did not so accept it being one of the issues in the case; and from the testimony quoted, we hold that the jury were warranted in drawing the conclusion that respondent then informed appellant that he wanted a coupe instead of a sedan. Respondent testified that he told appellant he did not want to accept delivery of a car immediately; and, while the testimony quoted is not of the clearest, we conclude that appellant's contention that this court

should hold, as matter of law, that respondent accepted the sedan or became bound to accept the same at some later date by reason of his failure to demand a different style of car, is not well taken. These were questions upon which the jury was entitled to pass, and its verdict on these points should not be disturbed.

It is also contended that, under the agreement of the parties, respondent had no right to delay his acceptance of a car until March, 1929, but that he should have accepted one upon his return during the previous October, or shortly thereafter. Appellant claims that the words, ''date of delivery to be optional upon return of second party from Norway,'' vested appellant with the right to make delivery at a time selected by himself. Respondent argues that these words gave him the right to fix the date for acceptance of his new car. We conclude that the legal effect of these words was to give both parties some latitude as to the time of delivery of the car, but that the greater benefit of this portion of the agreement applies to respondent; as, while the agreement was unexecuted, appellant had both the automobile which was turned in to him by respondent and the money which was, under the agreement, due respondent as a credit upon the purchase of a new machine. It seems to us evident that, under this portion of the agreement, respondent's demand upon appellant for a machine was not so greatly delayed as to deprive respondent of any rights which he otherwise had. We conclude that, under the evidence, there were presented, for the consideration of the jury, disputed questions of fact upon which the jury was entitled to pass.

Appellant assigns error upon the following instruction given to the jury by the court:

''If, on the other hand, you find by a preponderance of the evidence that the defendant tendered to plaintiff,

upon the plaintiff's return from Norway, a Falcon-Knight sedan car, and that the plaintiff then refused to accept delivery of said car because it was not the type of car which he then told the defendant that he desired, if he told the defendant the kind of car that he desired, then you should find for the plaintiff;''

appellant contending that the record contains no testimony on the part of respondent to the effect that, at the time the sedan was tendered to him, he told appellant that it was not the type of car which he desired. In view of the testimony of respondent above quoted, we conclude that there was testimony in the record sufficient to go to the jury upon this issue, and that the jury may have believed that, while appellant did not wish to accept delivery of his new automobile immediately upon his return, or for some time thereafter, he did, at or about that time, inform appellant that he wanted a coupe.

An examination of the record satisfies us that the trial court properly permitted the jury to pass upon the issues presented by the contentions of the respective parties to the action, and correctly instructed the jury concerning the same. Finding no error in the record, the judgment appealed from is affirmed.

MITCHELL, C. J., PARKER, TOLMAN, and MILLARD, JJ., concur.